LUCY DAY HOLTON

v.

CORA J. HOLTON.

[Decided December .22d, 1906.]

1. A motion against an entire bill, under chancery rule 213, may be treated as essentially a demurrer to the bill.

2. To enable this court to decree a resulting trust to grantor, where an absolute deed of conveyance reciting a pecuniary consideration is executed and delivered, the intention that the grantee is not to enjoy the beneficial estate, but that a trust is to result, must appear expressly or by implication from the terms of the deed, and no extrinsic evidence of grantor's intention is admissible unless fraud or mistake is averred.

3. The fact that a conveyance was from a father to his daughter and that the father retained possession of the property conveyed and received its revenues and made improvements, standing alone, and without any averment of fraud or mistake through undue influence, or want of appreciation upon the part of the grantor as to what he was doing, or that the grantor was without ample means to warrant a gift, or was without the benefit of disinterested and competent advice, or entertained a purpose contrary to that expressed in the deed, is not sufficient to raise the presumption of a constructive trust and to cast upon the grantee the burden of answering.

On motion to strike out bill of complaint.

The bill is filed by complainant as widow and devisee of Theodore Holton, deceased, to establish a trust touching certain land conveyed to defendant by testator in his lifetime. Defendant is the daughter of testator. Defendant now moves to strike out certain portions of the bill and also to strike out the bill in its entirety.

The facts disclosed by the bill are, briefly, that testator, in the year 1901, conveyed two certain lots of land to defendant. The consideration expressed in the deed is "one dollar and love and affection for his daughter." At the time of the conveyance there was a dwelling-house on one of the lots, and on the other testator was then beginning the erection of a dwelling-house. Complainant was married to testator about two months after the execution of the deed. Defendant has never been in possession of the properties conveyed or exercised any act of ownership over them. One house was occupied by testator and complainant from the time of their marriage until the death of testator in August, 1906, and is still occupied by complainant; the other house has always been rented by testator. One of the houses was erected by testator at his own expense after the execution of the deed in question. All repairs and taxes have been at testator's expense. Complainant is seventy-six years old. Testator left no property other than the two lots in question. Testator told complainant that he had placed the title to the lots in the name of his daughter, to hold the same for his benefit. The time when this statement was made is not made clear by the bill.

On October 10th, 1905, testator signed the following paper writing:

"October 10, 1805.

"VINELAND, NEW JERSEY.

"Now in regard to this place that we now live in I wish my wife to have it for she has done more for me than all of my children and no expense to me, and I want her to have her to have enough out of the other house to pay her for taking care of me since I have been sick, she has been a good wife to me. Now this is all I can think of now at this time. "THEODORE HOLTON.

"My children are good, but you cannot expect that children can do as a wife can.

"Witness

"JAMES CHANCE

"Oct. 10/05."

By the will of testator, dated August 3d, 1906, one of the lots is devised to complainant, and the other lot is devised to defendant, subject to a one thousand dollar charge in favor of complainant.

The bill contains no averment of fraud or mistake in the execution of the deed. The age of testator is not given. No information is given as to the condition of body or mind of testator at the date of the conveyance or as to what property he may have owned at that time, or as to the relations which at that time existed between testator and his daughter, and no allegation is made that testator made the conveyance in question by reason of undue influence, or without disinterested or competent advice, or with any purpose other than that disclosed by the deed of conveyance.

*Mr. Herbert C. Bartlett,* for the complainant.

*Mr. J. Fithian Tatem,* for the defendant.

LEAMING, V. C.

The motion against the entire bill will alone be considered, as it is manifest that no relief can be granted under this bill. Under rule 213 this motion will be treated as essentially a demurrer to the bill. *Ireland* v. *Kelly, 60 N. J. Eq. (15 Dick.)*

*308, 310;* Stevenson v. *Morgan, 63 N. J. Eq. (18 Dick.) 707;* Hanneman v. *Richter, 63 N. J. Eq. (18 Dick.) 753, 755.*

The allegations of the bill are clearly insufficient to establish a resulting trust. When a deed of conveyance is executed and delivered, the intention that the grantee is not to enjoy the beneficial estate, but that a trust is to result must appear expressly or by implication from the terms of the deed, and no extrinsic evidence of the grantor's intention is admissible unless fraud or mistake is averred. If the deed recites a pecuniary consideration, though only nominal, that recitation raises a conclusive presumption of an intention that the grantee is to take the beneficial estate, and destroys the possibility of a trust resulting to the grantor, and no extrinsic evidence will be admitted to show that there was, in fact, no consideration, unless fraud or mistake is shown. *Osborn* v. *Osborn, 29 N. J. Eq. (2 Stew.) 385; Stucky* v. *Stucky, 30 N. J. Eq. (3 Stew.) 546, 554; Coffey* v. *Sullivan, 63 N. J. Eq. (18 Dick.) 296, 303; Fretz* v. *Roth, 68 N. J. Eq. (2 Robb.) 516, 527; 3 Pom. Eq. Jur.* § *1036.*

It is not so certain that the allegations of the bill may not support a constructive trust, but 1 entertain the view that the mere facts that the conveyance was from a father to a daughter, and that the father retained possession of the property conveyed and received its revenues and made improvements, standing alone, and without any averment of fraud or mistake through undue influence or want of appreciation upon the part of the grantor as to what he was doing, or that grantor was without ample means to warrant a gift, or was without the benefit of disinterested and competent advice, or entertained a purpose contrary to that expressed in the deed, are not sufficient to raise the presumption of a constructive trust and to cast upon the grantee the burden of answering. The authorities collected in *Fretz* v. *Roth, 68 N. J. Eq. (2 Robb.) 516* (at *p. 528*), to which may be added *Slack* v. *Rees, 66 N. J. Eq. (21 Dick.) 447,* and *James* v. *Aller, 68 N. J. Eq. (2 Robb.) 666,* disclose fully the various conditions which may exist to establish the presumption of a constructive trust under a conveyance similar to the one in question. The averments of the bill are not, in my opinion, sufficient for that purpose.

The motion to strike out the entire bill will be sustained. Should complainant desire to file an amended bill by the addition of averments sufficient to sustain a constructive trust, leave will be granted for that purpose.